Case 4:22-cv-00638   Document 1-3   Filed on 02/25/22 in TXSD   Page 1 of 10

Filed
12/20/2021 1:00 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Amy Segura

NO. 21-DCV-289747 _____

| | | |
|---|---|---|
| **NAGEENA KALIA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | Fort Bend County - 240th Judicial District Court |
| **V.** | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **FERRORO U.S.A., INC.** and | § | |
| **SAM'S CLUB.** | § | |
| **Defendants.** | § | **OF FORT BEND COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITON

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES NAGEENA KALIA**, hereinafter called Plaintiff, complains of and about FERRERO U.S.A., INC. and SAM'S CLUB, hereinafter called Defendants, and for cause of action show unto the Court the following:

### NO FEDERAL CLAIMS ASSERTED

1. Plaintiff is not making any claims for relief under federal law and is seeking less than $75,000.00 in damages at this time. Removal to federal court would be in bad faith and met with an immediate motion to remand and for sanctions, as there is a lack of diversity amongst the parties, and Plaintiff is not bringing any claims under federal law.

### DISCOVERY CONTROL PLAN LEVEL

2. Pursuant to the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

3. Plaintiff, NAGEENA KALIA, is an individual who resides in Fort Bend County,

1

Texas.

4. Defendant FERRERO U.S.A., INC. a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Prentice Hall Corporation System, at 211 East 7th Street, Suite 620, Austin, Texas 78701 its registered office. Service of said Defendant as described above can be effected by personal delivery.

5. Defendant SAM'S CLUB, is a foreign corporation with its headquarters Arkansas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## MISNOMER / ALTER EGO

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such as a "misidentification", "misnomer' and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

7. This court has jurisdiction over the parties because Defendants, FERRERO U.S.A., INC. and SAM'S CLUB, purposefully availed themself of the privilege of conducting activities in the State of Texas and established minimum contacts with said forum sufficient to confer

jurisdiction over said Defendants, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would show that Defendants, FERRERO U.S.A., INC. and SAM'S CLUB, had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

9. Plaintiff would show that Plaintiff's cause of action against Defendants, FERRERO U.S.A., INC. and SAM'S CLUB, arose from its continuous and systematic contacts with the State of Texas.

10. This Court has jurisdiction and venue is proper in Fort Bend County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County, Texas.

**FACTS**

11. On February 14, 2020, Ms. Nageena Kalia went to Sam's Club located at 12300 Southwest Freeway, Stafford, Texas 77477 and purchased two boxes of Ferrero Rocher chocolates. After she purchased the chocolates, she went home and ate from both the boxes and started feeling sick. She experienced an upset stomach and took medication in an attempt to alleviate her symptoms. On February 17, 2020, Plaintiff took the same chocolates, purchased at Defendant, SAM'S CLUB store to work. Plaintiff cut one of the chocolates down the middle when, Ms. Kalia's co-worker saw something moving inside the chocolate and immediately screamed. As soon as Plaintiff saw what was inside she began to vomit, the Plaintiff believes the item inside the chocolate were maggots. As a result of this incident, Plaintiff sustained serious injruies for which she had to seek the care of medical professionals.

## STRICT LIABILITY – MANUFACTURING DEFECT

12. At all times, Defendant, FERRERO U.S.A., INC. was in the business of manufacturing, preparing, serving and selling chocolates to its customers.

13. There was a manufacturing defect in the chocolate at the time it left Defendant, FERRERO U.S.A., INC., possession. The chocolate was defective because it contained foreign object. The presence of the foreign object was a condition of the product that rendered it unreasonably dangerous.

14. The manufacturing defect was the proximate and producing cause of Plaintiff's resulting injuries and damages.

15. Defendant, FERRERO U.S.A., INC. is therefore strictly liable for manufacturing defective and unreasonably dangerous food and introducing it into the stream of commerce.

## STRICT LIABILITY MARKETING DEFECT

16. At all times, Defendants were in the business of marketing and serving food products.

17. There was a marketing defect in the food product at the time it left Defendants' possession. The food product was defective because it contained foreign objects and Defendants failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known. Defendants also failed to give adequate instructions to avoid such dangers. Defendants' failure to provide such warnings and instructions rendered the food product unreasonably dangerous.

18. The marketing defect was a proximate and producing cause of the Plaintiff's resulting injuries.

19. Defendants are therefore strictly liable for marketing defective and unreasonably

dangerous chocolate and deriving those chocolate to Plaintiff.

## NEGLIGENCE

20. Defendants owed Plaintiff a duty of ordinary care in the manufacture, preparation, testing, packaging, marketing, distribution, and selling of the chocolate in question. Further, Defendants owed Plaintiff the duty of warning or instructing Plaintiff of potentially hazardous or life-threatening conditions with respect to the chocolate.

21. Defendants breached its duties in one or more of the following ways:

   a. Negligently manufacturing, preparing, and/ or storing the chocolate;

   b. Failing to properly test the chocolate before placing it into the stream of commerce;

   c. Failing to warn of the dangers associated with the chocolate;

   d. Failing to warn or instruct consumers of a known defect in the chocolate;

   e. Failing to timely disclose post-sale information concerning the dangers associated with the chocolate;

   f. Failing to prevent foreign objects from entering chocolate supply; and

   g. Failing to properly supervise employees who were handling and preparing chocolate.

## PROXIMATE CAUSE

22. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

23. All dangers associated with the chocolate were reasonably foreseeable and/or scientifically discoverable by Defendants at the time it served the food to Plaintiff.

## IMPLIED WARRANTY OF MERCHANTABILITY

24. Defendants are liable to Plaintiff for breach of the implied warranty of merchantability. Tex. Bus. Com. Code § 2.314

25. Plaintiff is a consumer.

26. Defendants are merchants who manufactures, prepares, serves, and sells food.

27. Because Defendants are merchants, the food at issue was sold with an implied warranty of merchantability created under §2.314 of the Texas Business and Commerce Code.

28. Defendants breached the implied warranty of merchantability because Defendants manufactured, prepared, served and sold food that was not fit for its ordinary purpose and lacked something necessary to be adequate. Specifically, the food contained a foreign object.

29. Defendants did not disclaim the implied warranty of merchantability.

30. Defendants relied on Defendants' skill and judgment when representing that the chocolate at issue was fit for human consumption.

31. Defendants breached the implied warranty of fitness for particular purpose because Defendants manufactured and sold chocolate that was not fit for human consumption.

32. Defendants did not disclaim this warranty

33. Defendants breach of warranty was a proximate and producing cause of Plaintiff's injuries and damages.

## TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")

34. Defendants also violated the Texas Deceptive Trade Practices Act ("DTPA").

35. Plaintiff is a consumer.

36. Defendants are merchants.

37. Section 17.50 (a)(2) of the Texas Business and Commerce Code provides that a

Plaintiff may pursue a DTPA cause of action for breach of an implied warranty. Although the DTPA does not create any warranties, warranties recognized under Texas law are actionable under the DTPA.

38. Defendants violated the DTPA by breaching the implied warranties of merchantability and fitness for particular purpose.

39. Defendants did not disclaim either warranty.

40. Defendants breach was a proximate and producing cause of Plaintiff's injuries and damages.

## DAMAGES FOR PLAINTIFF NAGEENA KALIA

41. As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendants' acts as described herein, Plaintiff NAGEENA KALIA was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

   a. The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

   b. The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

   c. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of verdict herein;

   d. The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

   e. Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

   f. The physical disfigurement which, in reasonable probability, will be sustained to

various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

42. By reason of the above, Plaintiff, NAGEENA KALIA has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## TREBLE DAMAGES

43. Defendants knowingly and intentionally breached the implied warranties of merchantability and fitness for a particular purpose and thus violated the DTPA. Plaintiff is therefore entitled to treble economic damages and mental anguish damages under the DTPA.

## REQUEST FOR DEPOSITION DATES

44. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## PRESERVING EVIDENCE

45. Plaintiff hereby requests and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the

8

evidence.

## NOTICE OF USE

46.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendants are required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

47.    The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, NAGEENA KALIA, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE HADI LAW FIRM, PLLC

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas

9

>Texas Bar No. 24066914
>Carnegie H. Mims, III
>Texas Bar No. 24046448
>Sedrick Stagg
>Texas Bar No. 24102815
>Seve Thomas
>Texas Bar No. 24115145
>Ariana Mehdipour
>Texas Bar No. 24123765
>Anita Mehdipour
>Texas Bar No. 24126491
>7100 Regency Square Boulevard, Suite 140
>Houston, Texas 77036
>Telephone: (832) 433-7977
>Facsimile: (855) 423-4529
>litigation@thehadilawfirm.com
>**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: December 20, 2021**